IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE FRANK CASTRO, #1352930, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1776-L |
| | ) | |
| GEORGE ZOLEY, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on December 19, 2008, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Sanders Estes Unit in Venus, Texas. Defendants are GEO Group CEO George Zoley, Facility Administrator David McComis, Assistant Facility Administrator Michael G. Ringer, Lt. Lonnie Bratcher, Sgt. Daniel Simpson, Fire and Safety Officer Joseph Wright, and Correctional Officers Elaine Slavik, Marlena S. Friddle, David S. Herrera, Deandra M. Chenault, and Lonnie Morphis.

Before issuing process, the magistrate judge issued a questionnaires to Plaintiff, who filed his answers thereto on November 12, 2008.

Statement of Facts: Plaintiff alleges Defendants violated his constitutional rights when

they refused to evacuate him and exposed him to excessive smoke in his housing unit caused by a sub-roof fire on December 17-19, 2007. Although Plaintiff did not suffer from a pre-existing respiratory or lung disorder, he asserts that the smoke exposure caused harm and injury to his lungs and respiratory system. (*See* Complaint at 3 and answers to magistrate judge's questionnaire, Questions 1 and 6). He requests compensatory and punitive damages. (Complaint at 3).

On November 24, 2008, Defendants filed a motion to dismiss, arguing that Plaintiff had failed to exhaust administrative remedies, and to allege a sufficient physical injury. On December 9, 2008, Defendant filed a motion seeking leave to take Plaintiff's deposition. Plaintiff has not responded to either motion.

<u>Findings and Conclusions</u>: Plaintiff's complaint is subject to dismissal for failure to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions. *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83 (2006); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007).

Plaintiff failed to exhaust his claims through the TDCJ's administrative grievance process prior to filing this action. Defendants correctly note that Plaintiff's Step 1 and Step 2 grievances, filed in July and August 2008 and attached to the complaint, raised only deliberate indifference claims against the medical department with respect to medical conditions which arose long after the December 2007 events at issue in this case. Neither grievance mentioned the

2

extended smoke exposure, the failure to investigate the cause of the fire, and/or the refusal to evacuate, which are alleged in the complaint. Plaintiff's claims were, thus, never exhausted. This action should be dismissed for failure to exhaust administrative remedies under § 1997e(a).

The court recommends dismissing this action with prejudice because Plaintiff's failure to exhaust administrative remedies cannot, at this time, be cured. *See Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections*, 468 F.3d 278, 281 (5th Cir. 2006) (per curiam) (affirming dismissal with prejudice because administrative remedies were now time barred); *Berry v. Kerik,* 366 F.3d 85, 86 (2d Cir. 2004) (same); *Underwood v. Wilson,* 151 F.3d 292, 292-93 (5th Cir. 1998) (same). The Texas prison system requires a step 1 grievance to be filed within 15 days of the complained of incident, which in this case was in December of 2007. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).[1]

---

[1] The court need not reach Defendants' second argument that the complaint fails to allege a sufficient physical injury under 42 U.S.C. § 1997e(e). Nonetheless this argument would only limit the relief sought in this case to nominal and punitive damages. As recognized in *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007), and *Mayfield v. TDCJ*, 529 F.3d 599, 606 (5th Cir. 2008), an inmate does not have to allege any physical injury in order to state a claim for recovery of nominal or punitive damages.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss for failure to exhaust administrative remedies be GRANTED, and that this case be DISMISSED with prejudice.  *See* 42 U.S.C. § 1997e(a).

It is further recommended that Defendants' motion to take Plaintiff's deposition be DENIED as moot.

A copy of this recommendation will be transmitted to Plaintiff and Counsel for Defendants.

Signed this 27th day of January, 2009.

                                          WM. F. SANDERSON, JR.
                                          UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.